Plaintiff sues her husband for a settlement and partition of the community property which belonged to the community formerly existing between them. She alleges that she and her husband were separated in 1938 and have not since lived together as man and wife. There was some community property acquired and by an inventory taken on December 17, 1938 her interest therein was fixed at $560.30. She then alleges that her interest was definitely fixed by judgment of court dated May 20, 1940, but that her husband has at no time offered to settle and partition the property so as to pay her her full and legal share. She also alleges that at no time has she renounced her interest in the community and on the other hand is entitled to a settlement and partition of the same.
The defendant put the case at issue by an answer and after trial there was judgment in favor of the plaintiff decreeing her to be entitled to an undivided one-half of the sum of $144.87. An order for appeal was obtained by the plaintiff from that judgment.
The defendant has filed two motions to dismiss the appeal, one of which is based on the ground that the motion and order for appeal was made and granted at a term of court subsequent to that at which the judgment appealed from was rendered and signed and that no citation of appeal was ever prayed for and issued and none ever served on the defendant as required by law. Under the facts as shown by the record, the motion is bound to prevail.
By the wording of the judgment itself it was read and rendered in open court on May 28, 1945 and was signed in open court on June 11, 1945. According to the minutes of court it was not until June 10, 1946 that the plaintiff moved for and was granted a devolutive appeal returnable to this court on Oct. 1, 1946 upon her furnishing bond in the sum of $100.00. It was not until June 12, 1946 that she furnished a cash bond in compliance with the order granting her the appeal.
It was more than a year therefore, since judgment had been rendered and a year less one day after it was signed, that plaintiff, in open court, moved for and obtained her order of appeal. Indisputably that had to be at a different and subsequent term of court as the vacation period had necessarily intervened following the required holding of continuous sessions during ten months of the year as provided for in Art. VII, Sec. 43 of the Constitution of 1921. The decisions on the point that under such circumstances it is necessary for the one seeking the appeal to pray for service and citation on the appellee are so numerous as to place the matter beyond cavil.
In the case of Officer et al. v. American Ins. Co.,182 La. 1054, 162 So. 771, the Supreme Court in ruling on this same question stated: "When an appeal has been taken by motion in open court, during a term subsequent to the term in which the judgment was rendered, and no citation *Page 921 
to appear in the appellate court was asked for or issued, a motion to dismiss the appeal must prevail." Numerous cases are cited.
For the reasons stated the motion of the appellee herein is sustained and the appeal is hereby dismissed.